Manly, J.
 

 The only exception that appears on the record, sent from below, is to the admissibility of certain evidence on the part of the plaintiff, respecting the arrangements between the executors of Thomas Belt and the legatees* on the 2nd of March, 1847, touching certain children then in the possession' of the legatees.
 

 
 *524
 
 The evidence, we understand, is objected to on two grounds : 1st, because it violates the rule that writing cannot be added to, or detracted from, by oral testimony. '2nd, because such a transfer of slaves cannot be effected except by writing.
 

 The first objection seems to be based upon a mistake of facts. It appears that on the 2nd of March, 1847, there was, in the first place, a memorial made and executed of a past transaction, viz: a delivery to each of the legatees upon her marriage, a woman slave in pursuance of a certain bequest in the will. It was also agreed, at that time, 2nd of March, that the infant child which had gone with the mother into the possession of the legatees, should remain as a part of their respective allotments under the will. Having disposed of these preliminary matters, the executors and legatees, aided by the advice of a committee, appointed for that purpose, then proceeded to allot the slaves that remained on hand ; anti they reduced this to writing. It will be seen from this statement of the material facts connected with the exception-, that the children in question, constituted a special class, and were •disposed of upon a different basis from the other slaves. Although it was done on the same day,it was a distinct transaction, having no connection with, or dependance upon, the transactions witnessed by the writings. The objection to it, therefore, as an attempt to alter the purport of the writing, is inapplicable;
 
 Manning
 
 v. Jones, Busb. 368.
 

 The other objection is equally untenable. The legatees were not deriving titl
 
 a from
 
 the executors, but from the testator
 
 through
 
 the executors. By adverting to the terms of the will, it will be seen that the executors were carrying into effect the provisions of the will, -and making distribution according thereto. The widow who was also executrix, has an estate in these negroes not absolute, but subject to the legacy to the daughters, with a power to say when she will derogate from her estate by allowing a distribution to them. The allotment, therefore, was but an assent to the legacies, and it has not been held, and we do not suppose it to be law, that such an assent, (an assent to a legacy for a slave) must be in wri
 
 *525
 
 ting. It is neither an executory agreement, gift or sale* within the meaning of the statutes, and consequently, need not be evidenced by any writing. The case of
 
 Reeves
 
 v. Edwards, 2 Jones’ Rep., 458,. is in point. We can perceive no- valid ground of objection to the evidence offered.and received-. The judgment, therefore,, should be affirmed.
 

 Per Curiam,
 

 Judgment affirmed.